SUPERIOR COURT
OF THE

CRAIG A. KARSNITZ
RESIDENT JUDGE

1 The Circle, Suite 2
GEORGETOWN, DE 19947

April 3, 2024

Ralph Reed
SBI #00320813
James T. Vaughan Correctional
Center
1181 Paddock Road
Smyrna, DE 19977

Re:     *State of Delaware v. Ralph Reed*
          Def. ID# 9911018706
          Third Motion for Postconviction Relief (R-3)

Dear Mr. Reed:

You were convicted of First Degree Murder and Possession of a Firearm During the Commission of a Felony ("PFDCF") by a jury on May 16, 2000 and sentenced to life without parole on January 19, 2001. Your direct appeal to the Delaware Supreme Court was denied on August 1, 2001.

You have filed two (2) previous Petitions for Postconviction Relief under Delaware Superior Court Rule 61 ("Rule 61"). On July 8, 2004, you filed your first Rule 61 Petition, which was supplemented on July 15, 2004. This Petition was denied by this Court on October 5, 2005. The Delaware Supreme Court affirmed this

denial on June 20, 2006.

On June 26, 2013, you filed your second Petition for Postconviction Relief, which was dismissed by this Court on July 1, 2013. The Delaware Supreme Court affirmed this denial on October 25, 2013.

On November 8, 2023, you filed your third Petition for Postconviction Relief. That same day you requested the appointment of postconviction counsel to represent you. On December 22, 2023, you requested an evidentiary hearing on the issues raised in your third Rule 61 Petition. This is my decision on your third Petition.

In your third Petition, you state four grounds for relief: (1) the pre-2014 version of Rule 61(i)(5)'s exceptions to the procedural bars should apply to the Petition, allowing relief for a "miscarriage of justice;" (2) your counsel at trial ("Trial Counsel") was ineffective for failure to challenge the sentence after the first degree murder statute[1] was amended when the death penalty was declared unconstitutional; (3) Trial Counsel was ineffective for failure to bring a *Batson*[2] claim with respect to the treatment of potential black jurors; and, (4) because of your age at the time of the murder (18), you should not have been sentenced to life without the possibility of parole.[3]

---

[1] 11 *Del. C.* § 4209.
[2] 476 U.S. 79 (1986).
[3] *Miller v. Alabama*, 567 U.S. 460 (2012); Eighth Amendment to the United States Constitution.

Before addressing the merits of your Rule 61 Motion, I must first address the four procedural bars of Superior Court Criminal Rule 61(i).[4]  If a procedural bar exists, as a general rule I will not address the merits of the postconviction claim.[5] Under the Delaware Superior Court Rules of Criminal Procedure, a motion for post-conviction relief can be barred for time limitations, successive motions, procedural default, or former adjudication.[6]

First, a motion for postconviction relief exceeds time limitations if it is filed more than one year after the conviction becomes final, or if it asserts a retroactively applicable right that is newly recognized after the judgment of conviction is final, more than one year after the right was first recognized by the Supreme Court of Delaware or the United States Supreme Court.[7]  Your conviction became final for purposes of Rule 61 on August 1, 2001, the date on which the Delaware Supreme Court issued its mandate finally determining your case on direct review.[8] Thus, you filed your third Petition long after this one-year period had run. Therefore,

---

[4]  *Ayers v. State*, 802 A.2d 278, 281 (Del.2002) (citing *Younger v. State,* 580 A.2d 552, 554 (Del. 1990).

[5]  *Bradley v. State*, 135 A.3d 748 (Del 2016); *State v. Page*, 2009 WL 1141738, at*13 (Del. Super. April 28, 2009).

[6]  Super. Ct. Crim. R. 61(i).

[7]  Super. Ct. Crim. R. 61(i)(1).

[8]  Super. Ct. Crim. R. 61(m)(2).

consideration of your Rule 61 Motion is procedurally barred by the one-year limitation.

Second, second or subsequent motions for postconviction relief shall be summarily dismissed, unless you were convicted after a trial and the motion either pleads with particularity that either (i) new evidence exists that creates a strong inference of actual innocence in fact, or (ii) a new rule of constitutional law, made retroactive by the United States Supreme Court or the Delaware Supreme Court, applies to your case and renders your conviction invalid.[9]  This is your third Rule 61 Petition. Neither of these two conditions applies. Therefore, consideration of your Rule 61 Petition is procedurally barred by this provision.

Third, grounds for relief "not asserted in the proceedings leading to the judgment of conviction" are barred unless the movant can show "cause for relief from the procedural default" and "prejudice from a violation of [movant's] rights."[10]  Your second and third grounds for relief are based on claims of ineffective assistance of counsel. It is well settled under Delaware law that, as collateral claims, ineffective assistance of counsel claims are properly raised for the first time in postconviction

---

[9]  Super. Ct. Crim. R. 61(i)(2); Super. Ct. Crim. R. 61(d)(2)(i) and (ii).
[10]  Super. Ct. Crim. R. 61(i)(3).

4

proceedings.[11]   Thus, this bar would not apply to Grounds 2 and 3 if they were not otherwise procedurally barred.

Fourth, grounds for relief formerly adjudicated in the case, including "proceedings leading to the judgment of conviction, in an appeal, in a post-conviction proceeding, or in a federal habeas corpus hearing" are barred.[12] Your first and fourth grounds for relief have already been adjudicated in your first and second Rule 61 Petitions. You cannot use a third Rule 61 Petition as a vehicle to relitigate these issues. Grounds 1 and 4 are barred by this provision.

Finally, the four procedural bars do not apply to a claim that pleads with particularity that either (i) new evidence exists that creates a strong inference of actual innocence in fact, or (ii) a new rule of constitutional law, made retroactive by the United States Supreme Court or the Delaware Supreme Court, applies to your case and renders your conviction invalid.[13] You make no such pleadings, thus this exception does not apply.

I find that, based on your Petition and my thorough review of the record of

---

[11] *State v. Schofield*, 2019 WL 103862, at *2 (Del. Super. January 3, 2019); *Thelemarque v. State*, 2016 WL 556631, at *3 (Del. Feb. 11, 2016) ("[T]his Court will not review claims of ineffective assistance of counsel for the first time on direct appeal."); *Watson v. State*, 2013 WL 5745708, at *2 (Del. Oct. 21, 2013) ("It is well-settled that this Court will not consider a claim of ineffective assistance that is raised for the first time in a direct appeal.").
[12] Super. Ct. Crim. R. 61(i)(4).
[13] Super. Ct. Crim. R. 61(i)(5); Super. Ct. Crim. R. 61(d)(2)(i) and (ii).

the prior proceedings in this case, you are not entitled to relief. I am therefore entering an order for summary dismissal under Rule 61.[14]

Your Rule 61 Petition is **DENIED**.

Since your Rule 61 Petition is procedurally barred, your Motion for the Appointment of Postconviction Counsel to represent you, and your Motion for an Evidentiary Hearing, are moot.

Your Motion to Appoint Counsel is **DENIED.**

Your Motion for an Evidentiary Hearing is **DENIED.**

**IT IS SO ORDERED**.

Very truly yours,

/s/Craig A. Karsnitz
Craig A. Karsnitz, Resident Judge

cc:     Prothonotary

---

[14] Super. Ct. Crim. R. 61(d)(5).